UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

----------------------------------------------------------x

DEBORAH THOMAS,
an individual,

    Plaintiff,

vs.

BR PIG, LLC,

    Defendant.

----------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

  Plaintiff, DEBORAH THOMAS, by and through her undersigned counsel, hereby files this Complaint and sues BR PIG, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, DEBORAH THOMAS, (hereinafter referred to as "MS. THOMAS"), is a resident of East Baton Rouge Parish, Louisiana. MS. THOMAS lives at 6630 Siegen Lane, Baton Rouge, Louisiana 70809.

4.  MS. THOMAS is a qualified individual with a disability under the ADA. MS. THOMAS is afflicted with paraplegia.

1

5. Due to her disability, MS. THOMAS is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MS. THOMAS is unable to walk, stand, or use her legs without assistance.

6. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and having the domicile of 5910 Airline Highway, Baton Rouge, Louisiana 70805.

7. Upon information and belief, DEFENDANT is doing business in East Baton Rouge Parish and owns immovable property in East Baton Rouge Parish.

8. Upon information and belief, DEFENDANT is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: Capitol Heights Shopping Center, located at the address 5355 Government Street, Baton Rouge, Louisiana 70806 (hereinafter referred to as "the Property").

9. The Property is a shopping center and contains tenants, such as Capital City Crawfish & Cajun Specialties.

10. DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, East Baton Rouge Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MS. THOMAS realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at: 5355 Government Street, Baton Rouge, Louisiana 70806.

14. Upon information and belief, MS. THOMAS has visited the Property in the past and desires to visit the Property again in the near future.

15. Upon information and belief, MS. THOMAS' most recent visit prior to filing this original Complaint when she observed or encountered the barriers discussed in Paragraph 21 was on August 10, 2015.

16. MS. THOMAS experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers as discussed in Paragraph 21 of this Complaint.

17. MS. THOMAS continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraphs 21 which still exist.

18. MS. THOMAS lives within a close geographic proximity of the Property. MS. THOMAS lives approximately eight (8) miles away from the Property.

19. MS. THOMAS plans on returning to the Property to shop for goods and to patronize the Capital City Crawfish & Cajun Specialties store.

20. MS. THOMAS intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subjects of this action.

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MS. THOMAS due to, but not limited to the following violations which MS. THOMAS personally observed and/or

encountered which hindered her access:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.    Near the China 1 restaurant and the Beauty Supply store, there are two accessible-designated parking spaces where the access aisle narrows to an insufficient width.

    B.    Near the China 1 restaurant there is a curb ramp which projects into the vehicular way and has improper side flares.

    C.    In front of the Shoppers Value, four of the six accessible-designated parking spaces are adjacent to an access aisle which narrows to an insufficient width.

    D.    In front of the Capital City Crawfish & Cajun Specialties Store, there is a curb ramp which projects into the vehicular way.

    E.    There is no accessible seating outside of the Capital City Crawfish & Cajun Specialties Store.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24. Upon information and belief, removal of the barriers to access located on the Property

would provide MS. THOMAS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25. Independent of her intent to return as a patron to the Property, MS. THOMAS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

26. MS. THOMAS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. THOMAS is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. THOMAS demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

   A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

   B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

   C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. THOMAS; and

   D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn (LA # 35193)
aklevorn@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Garret S. DeReus
Garret S. DeReus