UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH THOMAS                                                        CIVIL ACTION

VERSUS

BR PIG, LLC                                                           NO.: 15-00573-BAJ-SCR

ORDER

Before the Court is an unopposed **Motion to Dismiss for Failure to State a Claim (Doc. 14)** filed by Defendant BR Pig, LLC ("Defendant"), seeking dismissal with prejudice of Plaintiff Deborah Thomas's ("Plaintiff") complaint. For the reasons stated below, the motion is **GRANTED**.

On August 27, 2015, Plaintiff filed a complaint asserting one claim pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (*See* Doc. 1). Plaintiff was limited to requesting declaratory and injunctive relief. *See* 42 U.S.C. § 12188(a). On October 1, 2015, Plaintiff's counsel filed a suggestion of death pursuant to Fed. R. Civ. P. 25(a)(1). (*See* Doc. 9).

Defendant contends that "an action seeking declaratory and injunctive relief and not money damages is extinguished upon the plaintiff's death." (Doc. 15 at p. 1). Defendant relies upon *Flores v. Fox*, 394 Fed. App'x 170, 171—72 (5th Cir. 2010), wherein the Fifth Circuit instructed that a prisoner's death mooted his request for injunctive relief. *Id*. (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988); *Copsey v. Swearingen*, 36 F.3d 1336, 1339 n.3 (5th Cir. 1994)). Defendant also asserts that an

1

award for attorney's fees is no longer available given the absence of a viable claim under the ADA. (Doc. 15 at p. 2).

Because Plaintiff has not presented any argument in opposition, the Court will assume that Plaintiff concedes the applicability of the law cited by Defendant. *See Robinson v. City of St. Gabriel*, No. 13-cv-00298-BAJ-SCR, 2014 WL 991773, at *3 (M.D. La. Mar. 13, 2014). Upon review, this Court agrees that Plaintiff's death rendered her claim seeking declaratory and injunctive relief under the ADA moot. *See Flores*, 394 Fed. App'x 170, 171—72; *Barria v. Yu*, No. 08-cv-0908-BEN-CAB, 2010 WL 2653322, at *1 (S.D. Cal. July 1, 2010). Therefore, a party cannot be properly substituted as to Plaintiff for the only claim she asserted. Fed. R. Civ. P. 25(a)(1).

I. CONCLUSION

Accordingly,

It is **ORDERED** that Defendant's **Motion to Dismiss for Failure to State a Claim (Doc. 14) is GRANTED.**

It is **FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 21st day of December, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA